**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-151 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| BRANDON MATTHEWS, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING COMPETENCY EVALUATION**

This criminal case is before the Court on Defendant's motion to determine competency. (Doc. 18).

### I.  BACKGROUND

On November 19, 2020, Defendant Brandon Matthews was charged by way of a single-count Indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 1). (Doc. 3). Since the commencement of the case, the parties have been engaged in ongoing discovery and plea negotiations.

On February 10, 2021, Defendant filed the instant motion seeking a competency evaluation. (Doc. 18). As referenced in the motion and set forth in Defendant's pretrial report, Defendant was diagnosed with MRDD as a child, which diagnosis is alleged to have caused Defendant to have physical tics. (*Id*.; Doc. 17). Defendant also participated in an Individualized Education Program as a child, and he currently collects Social Security Disability benefits, possibly as a result of his prior diagnosis. (*Id*.)

On March 4, 2021, the Court held a video conference hearing on Defendant's motion, in order to observe and interact with Defendant directly, before determining

whether reasonable cause exists to question competency. (Doc. 20). During the hearing, the Court memorialized the relevant information set forth in Defendant's pretrial report, and the Court also heard from the parties and conducted an informal colloquy with Defendant. (*Id*. at 5-23).

As more fully elaborated in this Order, the Court ultimately agreed, in an abundance of caution, to order a competency evaluation. (*Id*. at 23). Additionally, as Defendant is currently on bond, and given the ongoing pandemic, the Court acquiesced to Defendant's request that the evaluation be conducted locally, as opposed to occurring in the custody of the Bureau of Prisons. (*Id*. at 24).

For purposes of this Order, the Court's analysis, *infra*, provides a brief summary of the proceedings. The entirety of the Court's observations, colloquy, and findings are memorialized in the hearing transcript. (Doc. 20).

## II. STANDARD OF REVIEW

The trial and conviction of a defendant "while he is legally incompetent violates due process." *Pate v. Robinson*, 383 U.S. 375, 378 (1966). A defendant is not competent to stand trial if he "suffer[s] from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Notably, "it does not follow that because a person is mentally ill he is not competent to stand trial." *United States v. Dubrule*, 822 F.3d 866, 875-76 (6th Cir. 2016) (quoting *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996)) (internal quotation marks and alterations omitted).

If, on motion of either party, or *sua sponte*, the Court finds "reasonable cause to believe" the defendant is not competent to stand trial, the Court must hold a hearing and, additionally, may order a psychological evaluation of the defendant and the preparation of a written report. 18 U.S.C. § 4241(a), (b). Accordingly, before ordering a competency hearing or a psychological examination "the court must find reasonable cause to believe the defendant is incompetent." *United States v. Jackson*, 179 F. App'x 921, 931 (6th Cir. 2008) (citing *Davis*, 93 F.3d at 1290) (emphasis added). Indeed, "[e]ven if the defendant [himself] requests an examination, the district court has an independent obligation to determine whether there is reasonable cause to question [his] competency before ordering an examination [or hearing] …." *Davis*, 93 F.3d at 1290.

Reasonable cause exists when "the court is presented with circumstances that raise a *bona fide* doubt about a defendant's 'present ability to consult with his lawyer with a reasonable degree of rational understanding,' or call into question a defendant's 'rational as well as factual understanding of the proceedings.'" *United States v. Johns*, 728 F.2d 953, 956 (7th Cir. 1984) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*)). "The district court has a measure of discretion in determining whether there is 'reasonable cause' to believe that a defendant is incompetent." *Dubrule*, 822 F.3d at 879 (quoting *United States v. Jones*, 495 F.3d 274, 277 (6th Cir. 2007)).

"In deciding whether or not to hold a competency hearing, a court may consider all of the information before it." *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006). "There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed …." *Drope v. Missouri*, 420 U.S.

3

162, 180 (1975). "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but … even one of these factors standing alone may, in some circumstances, be sufficient." *Id.* The observations and opinions of others, such as acquaintances and the defendant's attorney, may also be relevant. *United States v. Willis*, 362 F. App'x 531, 534 (6th Cir. 2010).

### III.  ANALYSIS

**A.  The Court's Observations and Findings**

During the March 4, 2021 motion hearing, the Court observed that, based on Defendant's daily activities—including school, work, and family obligations—Defendant appears relatively high functioning. (Doc. 20 at 5-7). Defense counsel concurred with the Court's observations, but elaborated on her concerns, as follows:

> [W]hen we [defense counsel and Defendant] begin having conversations in the nature of pursuing a plea agreement or proceeding to trial, I'm not confident that he's processing all of the information I'm giving him and really giving me an informed response. … He'll answer "yes," but I'm not confident that it's a yes in the sense of he understands that's what he thinks I want versus he has processed the information, really thought about it and has his own opinion.

(*Id.* at 7).

The Court also held a colloquy with Defendant, during which the Court inquired as to Defendant's personal life and daily activities, as well as his overall understanding of criminal proceedings and the specific charges in the instant case. (*Id.* at 11-23). Defendant elaborated on his education as a child, his current enrollment in college, his

4

personal relationships, and his work. (*Id.*) Defendant further confirmed that he currently attends counseling twice per month as a condition of bond, but has never previously received counseling or treatment for any disabilities. (*Id.* at 18-19).

During the colloquy, the Court observed Defendant to be responsive and sociable, particularly in discussing his personal life. When discussing the criminal case in particular, Defendant appeared slightly hesitant, but was nonetheless able to respond adequately and appropriately to the Court's inquiries.

The Court, however, recognizes that its own observations, based solely on the brief colloquy, may not fully demonstrate Defendant's cognitive abilities. Moreover, the Court takes note of defense counsel's personal observations over the last few months, as well as Defendant's childhood diagnosis.

Accordingly, in an abundance of caution, the Court believes there is sufficient reasonable cause to warrant an evaluation. This finding does not indicate that the Court believes Defendant to be incompetent to stand trial. Rather, the Court believes that, under the circumstances, it is prudent to seek the opinion of a medical professional.

**B. The Evaluation**

Of particular interest to the Court is: (1) whether Defendant is currently suffering from a mental disease or defect rendering him mentally incompetent, to the extent that he is unable to understand the nature and consequences of the criminal proceedings against him or to assist properly in his defense; (2) if Defendant is not competent to stand trial, whether he can be restored to competency; and (3) if Defendant meets the threshold for competency or is restored to competency, and the case proceeds to trial, whether the

Court should implement any procedural safeguards (*e.g.*, taking more frequent breaks) to ensure that, given Defendant's cognitive abilities, he is able to understand the proceedings and assist in his defense.

## IV.  CONCLUSION

Based upon the foregoing, Defendant's motion to determine competency (Doc. 18) is **GRANTED**, and the Court **ORDERS** as follow:

1. Defendant **SHALL** undergo a competency examination, to be conducted by a local psychologist or psychiatrist, for the preparation of a psychiatric or psychological report, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b);[1]

2. The examining psychologist or psychiatrist **SHALL** submit a report to the Court, pursuant to 18 U.S.C. §§ 4241(b) and 4247(c), regarding whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.[2]  Additionally, the report **SHALL** address all other criteria set forth in 18 U.S.C. § 4247(c), including, Defendant's history and present symptoms, a description of the tests employed and their results, the examiner's findings, and the examiner's opinions as to diagnosis and prognosis;[3]

---

[1] Prior to filing the instant motion, defense counsel communicated with local forensic psychologist, Dr. Scott Bresler, who indicated that he is willing to conduct the competency evaluation.  Following the hearing, the Court reached out to Dr. Bresler directly and confirmed his availability and willingness to proceed under a CJA appointment.  The Court will enter an Order of appointment by separate entry.  Additionally, because the Court has agreed to Defendant's request that the evaluation occur locally, and because Dr. Bresler (or any other local evaluator) would be appointed to conduct the evaluation for the Court's benefit, the Court will serve as the direct contact for the evaluator, and the parties **SHALL NOT** communicate with the evaluator regarding Defendant's competency examination.  The Court will provide the parties with the evaluator's written report upon its completion.

[2] Final report shall be emailed directly to the Court only (Black_Chambers@ohsd.uscourts.gov).  Any questions or communications should be directed to Judge Black's law clerk, either by email at Cristina_Frankian@ohsd.uscourts.gov or by telephone to (513) 564-7651.

[3] The Court will expeditiously provide the evaluator with a copy of this Order, the Order of appointment, the hearing transcript, and the Pretrial Bond Report.  Additionally, the Court is awaiting Defendant's full educational and medical records, which will be provided upon receipt.

3. Upon receipt of the final competency evaluation report, the Court will file a copy under seal and provide the same to counsel for both parties.  Thereafter, the Court will hold a post-examination status conference with the parties to determine whether a further competency hearing is required.  If such a hearing is necessary, the case will proceed with a competency hearing pursuant to 18 U.S.C. §§ 4241(a), (c) and 4247(d); AND

4. As "[a]ny period of … delay resulting from any proceeding, including any examinations, to determine the mental competency … of the defendant" is excludable pursuant to 18 U.S.C. § 3161(h)(1)(A), the time elapsing from the day of the Court's finding of reasonable cause (*i.e.*, March 4, 2021) through the date of the post-examination status conference or Defendant's competency hearing (whichever occurs later) **SHALL BE EXCLUDED** from the speedy trial computation.

**IT IS SO ORDERED.**

Date:  3/15/2021

Timothy S. Black
United States District Judge